THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* JOHN LEWIS, Appellant.

*Court of Appeals, June 28, 1889.*

1. *Criminal law. Charge to the jury.*—Where, upon a trial for murder, there were but two exceptions to the judge's charge to the jury, both as to a statement of fact in the charge, one of which was corrected, and the other submitted to the jury for them to determine the same, there is no error.
2. *Same. Exception.*—An exception to evidence, on the ground that it is cumulative, which is clearly frivolous, furnishes no ground for disturbing the judgment.
3. *Same.*—Facts held sufficient to warrant a conviction of murder in the first degree.

Appeal from a judgment of the court of general sessions

of the peace in and for the city and county of New York, entered upon a verdict, convicting the defendant of the crime of murder in the first degree.

*Wm. F. Howe* for appellant.

*John W. Goff*, assistant district attorney, for respondent.

PER CURIAM.—We have deemed it our duty to examine the record in this case, notwithstanding the appeal had been substantially abandoned. The evidence justifies the claim of the district attorney that the killing of Alice Jackson was a deliberately planned and premeditated murder. There was motive, preparation, lying in wait for opportunity, and a fatal execution of the murderous purpose, under circumstances of great atrocity. The evidence against the defendant was given by disinterested witnesses. It shows that the relations between the deceased and the defendant had been meretricious; that the defendant had shot and wounded the deceased on a previous occasion; that she had left him; that he sought to regain her society, and that she repulsed him; that he had threatened her, and on the morning of the homicide, had armed himself with two pistols, and waited for her as she went to the butcher shop, and on her return to the house where she was employed, followed her in, and shot her several times, twice fatally. His subsequent conduct and declarations corroborate the evidence of the eye witnesses of the transaction.

The defendant sought, by his own testimony, to show that the deceased shot herself, but his story is so contradictory and incredible as to render it impossible of belief. The facts of the case fully warranted a conviction, and the jury reached the only reasonable conclusion.

There was but one exception to evidence, and that was on the ground that certain evidence offered was cumulative, and was clearly frivolous.

There were two exceptions to the charge, and both related to statements of fact. The judge corrected one, and submitted it to the jury to find as to the other fact referred to. The trial was a fair one, and there is no reason for disturbing the judgment.

Judgment affirmed.

All concur, except FINCH J., absent.